TRezevant, J.,
delivered the opinion of all the judges, except Brevard, J., who dissented, against the motion, and in affirmance of the doctrine insisted on by the counsel for the plaintiff’.
Brevard, J.,
delivered the following opinion. On this occasion,. I have the mortification to find that the opinion I have uniformly entertained, and held for many years past, on an important princi-pie of law involved in the decision of this case, is different from the opinions of all my brethren. Feeling it to be my duty, however, to express my own opinion, which I have formed upon mature reflee. *153 lion, and the best lights I possess, I shall not hesitate to do so, notwithstanding the great respect in which I hold the opinions of my brethren. An elaborate and extensive examination of the sub.ject, and a statement of all-the reasons in detail, which have pro-daced conviction on my mind, and have led to the conclusion, which is the result of my opinion in this case, would be attended with a loss of time, and would probably be, found more tedious than profitable, or instructive. 1 shall, therefore, confine myself to a few reasons, which I shall endeavor to state with the utmost brevity. The principle upon which my brethren have founded their opinion, is, that until the party in possession-has acquired a right of possession, and an indefeasible title by the' operation of the limitation act, and the title and right of the true owner of the land is completely barred, the party in possession is, in the eye of the law, to be regarded in the light of a trespasser; and as a trespasser can acquire no right, he can convey none. Therefore'it follows, that unless some one trespasser, or joint trespassers, shall continue their trespass for five entire years, without any interruption, or variationf the act will not operate in their favor; and that every change of possession produces a new trespass, for which an action will lie, which distinct trespasses cannot be united, in order to make up the period of time which is necessary to furnish a right to the posses, sion, and quiet enjoyment. My opinion is founded on a notion that the limitation act is bottomed on a principle diametrically opposite to that which my brethren seem to suppose. I have always thought that the object and intent of the act was to quiet fair claimants, such as bona fide grantees, and purchasers, in possession, and not with any view to.advance the interests, or sanction the prete'nsions of tortious intruders, or fraudulent possessors. A party in possession, though without any appearance of title, is, notwithstanding, to be considered as the rightful owner, because the law always regards possession as evidence oí right. But when the rightful proprietor claims the possession, and proves his right to it, the presumption of law in favor of the mere occupant, is done away, and then he is to be deemed a trespasser, and must answer accordingly. And it seems to me that no length of tjhne can strengthen the claim of a naked possessor, or afford him any ground of title. But where the occupant has an appearance or color of title, or in other words, to speak more precisely, where he has a title which is apparently good, and would be sufficient to authorize his possession, provided the title of the true owner was not opposed to it, and he is a bona Jide purchaser, or his title is not fraudulent, or a mere sham, or pre *154 tended title, there, I think, he has a foundation of equity on which the limitation act was intended to operate ; because, with honest views, the bona fide occupant, under an insufficient title, may go on to improve the land, and expend large sums in buildings on it, ignorant of any better title, and perhaps with the knowledge of him who has the better title. Therefore, it seems to me, it was the policy and intent of the act to provide a remedy for the evils and injustice which might arise in such cases, as well as to cure and establish the defective conveyances under which vast quantities of land were holden at the time when the act passed ; and that bona fide occupants, holding under titles which they might deem sufficient, were the persons' who were contemplated to be protected by the limitation act, and not trespassers. Upon this principle of con. struction, I can see no ground in reason, justice, or policy, for a distinction between a succession of different occupants, holding by the same title, or under a fair and regular transfer of the same right, and a continued occupation by one person only. The pos. session is in both cases equally adverse and notorious; the same danger of injustice from the fraud of the true owner, in standing by for years until the land has increased in value through the labor, and at the expense of the occupant, is to be apprehended iti the one case, as much as in the other. Besides, after a quiet and notorious possession, continued for five years under the same claim, or a concurrent claim founded in the same original or derivative title, may it not fairly be presumed that the person who had a superior title has voluntarily relinquished it in favor of the fair occupant, or has tacitly acquiesced and consented to his holding the land 1 The law will favor every reasonable presumption in favor of possession, where that possession is not proved to have been violent, or fraudulent, and without any fair pretence of right; and I can see no sufficient reason to convince me that a right founded on legal presumption may not be transferred, and that it ought not to be protected and favored, as well after the transfer as before, I am unable to reconcile the idea of a right founded on trespass, upon any principle of sound construction. If it were not from the ap. prehension of consuming time unnecessarily, I could, I think, shew, that there are no words in the limitation act which warrants such a construction. But I shall not take up any longer time, and shall conclude by declaring, that, in my opinion, a new trial ought to be granted.